Ryosuke Togi (SBN 343851)
KANAME PARTNERS US, P.C.
17631 Fitch
Irvine, CA 92614
Phone & Fax: (949) 404-5515
Email: rtogi@kanamelaw.us

Attorney for Applicant Masafumi Inoue

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF<br><br>MASAFUMI INOUE<br><br>APPLICANT, | Case No.:<br><br>**APPLICANT'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 USC. § 1782**<br><br>Hearing Date: _____<br>Hearing Time: _____<br>Department: _____<br>Honorable: _____ |

Masafumi Inoue, by and through its counsel, submits this memorandum of law in support of the *ex parte* application for an order, pursuant to 28 U.S.C. § 1782(a), for international judicial assistance to obtain a statement from Peg Tech Inc. ("**Peg Tech**").

I. **INTRODUCTION**

The Applicant is a resident of Japan and seeks limited discovery pursuant to 28 U.S.C. § 1782 to obtain information necessary to identify anonymous individuals ("**Anonymous Individuals**") who engaged in fraudulent conduct targeting the Applicant. *See generally* Declaration of Masafumi Inoue ("**Inoue Decl.**"). The fraud was perpetrated through communications in Japanese via social media platforms and a website hosted at the domain *nftmb.com*, which is hosted by Peg Tech, a company located in this District. *Id.* at ¶ 23.

Because the Anonymous Individuals communicated exclusively in Japanese, it is likely that they reside in Japan. The Applicant intends to file a civil action in Japan to pursue legal remedies against them. However, under Japanese civil procedure, plaintiffs must identify defendants by name and address before a complaint can be filed. The discovery sought in this application is thus a legal prerequisite to initiating proceedings in Japan. *See* Declaration of Kaoru Haraguchi ("Haraguchi Decl.") ¶ 3.

Through this application, the Applicant respectfully requests that the Court authorize service of a narrowly tailored subpoena on Peg Tech to obtain personally identifiable information ("PII") sufficient to identify the Anonymous Individuals. This information is not publicly available and cannot be obtained through any discovery procedure in Japan. The Applicant seeks this information in good faith, solely for the purpose of pursuing a legitimate civil action, and not for any improper or retaliatory purpose.

## II.   Legal Standard

Under 28 U.S.C. § 1782, a district court may authorize discovery for use in a foreign proceeding upon satisfaction of three statutory prerequisites:

(1)   The person or entity from whom discovery is sought resides or is found in the district;

(2)   The discovery is for use in a proceeding before a foreign or international tribunal; and

(3)   The application is made by a foreign or international tribunal, or by an "interested person."

See *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–49 (2004); *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).

Satisfaction of these statutory criteria does not entitle the applicant to relief as of right. Rather, the Court retains broad discretion in determining whether to grant discovery under § 1782. *Intel*, 542 U.S. at 264. In exercising this discretion, courts are guided by four non-exclusive factors:

(1)   Whether the person from whom discovery is sought is a party to the foreign

proceeding;

(2)     The nature and receptivity of the foreign tribunal to U.S. judicial assistance;

(3)     Whether the application conceals an attempt to circumvent foreign evidence-gathering restrictions or policies; and

(4)     Whether the discovery request is unduly intrusive or burdensome.

*Id.* at 264–65.

In evaluating these discretionary factors, courts are further guided by the twin aims of § 1782: (1) to provide efficient means of assistance to participants in international litigation, and (2) to encourage foreign countries to offer reciprocal assistance to U.S. courts. *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Germany*, 82 F.3d 590, 592 (4th Cir. 1996).

### III.     Argument

#### A.     Statutory Considerations Weigh in Favor of Granting the Applicant's Application

Each of the three statutory requirements set forth in 28 U.S.C. § 1782(a) is met in this case.

The entity from which discovery is sought—Peg Tech—maintains its principal place of business in Santa Clara, California, which lies within the Northern District of California. Inoue Decl. ¶ 23; Haraguchi Decl. ¶ 4. Accordingly, the first statutory requirement is satisfied.

Although no action has yet been filed, Section 1782 does not require that a foreign proceeding be pending or imminent. It is sufficient that the proceeding is "within reasonable contemplation." *Intel*, 542 U.S. at 259. Here, the Applicant intends to file a civil lawsuit in Japan once the identities of the Anonymous Individuals are ascertained. Haraguchi Decl. ¶ 2. As such, the discovery is sought in reasonable anticipation of a foreign proceeding, satisfying the second requirement.

As the prospective plaintiff in the anticipated litigation in Japan, the Applicant is plainly an "interested person" within the meaning of the statute. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke

§ 1782.").

Because all three statutory requirements are satisfied, the Court has authority to grant the requested relief under § 1782. The analysis thus turns to the discretionary factors set forth in *Intel*.

**B. Discretionary Considerations Weigh in Favor of Granting the Applicant's Application**

In addition to satisfying the statutory requirements, all four discretionary factors identified by the Supreme Court in *Intel* support granting the requested discovery.

**1. The Discovery Target Is Not a Party to the Foreign Proceeding**

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. This factor weighs in favor of discovery when the target is not subject to the jurisdiction of the foreign tribunal and thus would be inaccessible without U.S. court assistance. *See In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010).

Here, Peg Tech is not a party to the anticipated proceeding in Japan and is not subject to the jurisdiction of Japanese courts. Haraguchi Decl. ¶ 5. Accordingly, discovery through § 1782 is necessary, and this factor favors granting the Application.

**2. Japanese Courts Are Receptive to U.S. Judicial Assistance**

The second factor considers "the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign court to U.S. judicial assistance." *Intel*, 542 U.S. at 264. Courts generally require "authoritative proof" that a foreign tribunal would reject evidence obtained through § 1782 before denying discovery on this basis. *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016); *see also Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019).

There is no evidence that Japanese courts would reject discovery obtained through this process. Haraguchi Decl. ¶ 6. To the contrary, Japanese courts have accepted such evidence in prior matters involving similar factual circumstances. Courts in this District have likewise recognized Japan's receptivity. *See In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal.

Mar. 15, 2019); *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021).

Thus, this factor strongly supports granting the requested discovery.

### 3. The Application Does Not Circumvent Foreign or U.S. Policy

The third factor examines whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Courts routinely grant § 1782 discovery when there is no indication of improper motive or intent to sidestep foreign procedures. *See In re Google Inc.*, No. 14-MC-80333-DMR, 2014 WL 7146994, at*3 (N.D. Cal. Dec. 15, 2014); *In re Eurasian Nat. Res. Corp., Ltd.*, No. 18-MC-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Here, the Applicant seeks discovery in good faith for use in a contemplated civil action in Japan. Haraguchi Decl. ¶ 8. There is no evidence of bad faith or procedural manipulation. *Id*. This factor also weighs in favor of granting the Application.

### 4. The Discovery Request Is Not Unduly Intrusive or Burdensome

The fourth factor considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Courts look to whether the request is narrowly tailored and proportional to the needs of the foreign proceeding. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

The Applicant seeks only identifying information (such as names, addresses, emails, phone numbers, payment information, and limited access logs) for a defined period. This information is routinely maintained by Peg Tech in the ordinary course of business and is directly relevant to the goal of identifying the wrongdoers. Haraguchi Decl. ¶ 8*.

Courts in this District have repeatedly granted similar requests. *See In re Frontier Co., Ltd.*, No. 19-MC-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019); *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *4–5. Given the focused nature of the request, this factor favors granting the discovery.

IV.  **CONCLUSION**

For the foregoing reasons, all statutory requirements under 28 U.S.C. § 1782 are satisfied, and each of the discretionary *Intel* factors weighs in favor of granting the requested discovery. The discovery sought is narrowly tailored, necessary to identify the Anonymous Individuals, and not unduly burdensome or intrusive.  Moreover, there is no indication that the Application is intended to circumvent any foreign or domestic policies, and the courts of Japan are receptive to assistance from U.S. federal courts.

WHEREFORE, the Applicant respectfully requests that the Court issue an order, in the form submitted herewith, authorizing service of the subpoena attached to this Application pursuant to 28 U.S.C. § 1782.

DATED: June 26, 2025                                       Respectfully submitted,

Kaname Partners US, P.C.

By: */s/ Ryosuke Togi*
Ryosuke Togi
Attorney for Masafumi Inoue